GEORGE M. STINNETT v. WM. M. RICE & Co.

1. Six months having elapsed from the mailing of the commission to take depositions, and no other timely effort having been made to procure the testimony, it was not error to overrule a motion for a continuance.
2. An affidavit made by an attorney for a continuance, on account of the absence of a witness, should negative the supposition that there might be other witnesses known to his client, as well as to himself, by whom the same facts could be proved ; and it should state why the affidavit is not made by the party himself ; and also that the party is not seeking to evade the requirements of law by procuring affiant to swear to a state of facts to which he himself could not swear.

ERROR from Harris.  Tried below before the Hon. James Masterson.

There is no occasion for a statement of the facts.

*W. S. Oldham, Jr.*, for plaintiff in error.

No brief for the defendant in error has reached the hands of the reporter.

Ogden, J.   The court did not err in overruling the motion for a continuance in this cause.   This application was made on the 17th day of August, 1871, and states the fact, that on the 4th day of February previous, a commission was forwarded by mail to Marion county, to take the deposition of Chester Dewey. Over six months having elapsed since the mailing of the commission, and no other diligence having been shown to procure the testimony, we think it was for the court in its discretion to determine the question of diligence; and as the court has decided that showing insufficient, we are not inclined to disturb that judgment.   This affidavit was made by the attorney, and he states that no other witness known to affiant could prove the fact stated.   We think the affidavit should also negative the fact that there might be witnesses known to the party for whose benefit the application was made, who could prove the same facts.   When such an application is made by an attorney, the affidavit should show why the same was not made by the party himself, and it should show also affirmatively, that the party is not attempting to evade the requirements of law, by procuring others to swear to a state of facts that he could not.

From all that appears in the affidavit, the defendant, Geo. M. Stinnett, might have known any number of witnesses within easy access of the court, who could have proven all the facts set out in the affidavit, and yet for the purpose of procuring a continuance, he kept out of the way, and let his attorney make the affidavit.   We think the court did not err in refusing to grant a continuance upon the affidavit filed, nor was it error to overrule a motion for a new trial for the same reasons.

The judgment is therefore affirmed.

                                                    Affirmed.